**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Parsons Xtreme Golf LLC, | No. CV-17-03125-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Taylor Made Golf Company Incorporated, | |
| Defendant. | |

At issue is Defendant Taylor Made Golf Company Inc.'s ("Taylor Made") Motion for Leave to File Amended Counterclaim (Doc. 87, Mot.), to which Plaintiff Parson's Xtreme Golf LLC ("PXG") filed a Response (Doc. 94, Resp.), and to which Taylor Made filed a Reply (Doc. 97, Reply). Upon a showing of good cause, the Court grants Taylor Made's Motion.

**I.  BACKGROUND**

In the January 9, 2018 Scheduling Order, the Court set February 2, 2018, as the deadline for motions to amend the Complaint and to join additional parties. (Doc. 61, Scheduling Order at 2.) At the February 2 deadline, PXG filed its Second Amended Complaint with the consent of Taylor Made. On February 15, shortly before Taylor Made's Answer to the Second Amended Complaint was due, PXG delivered a letter to Taylor Made identifying alleged deficiencies with four patents[1] asserted as the basis for a

---

[1] These patents are U.S. Patent Nos. 8,096,896 (the "'896 patent"), 8,287,402 (the "'402 patent"), 9,452,325 (the "'325 patent"), 9,839,821 (the "'821 patent") (collectively, the "Withdrawn Patents").

number of Taylor Made's counterclaims. (Resp. Ex. A.) In that letter, PXG demanded that Taylor Made pull the Withdrawn Patents from its Counterclaim. (Resp. Ex. A at 3–4.) The following day, in conjunction with its Amended Answer, Taylor Made filed its Motion for Leave to File an Amended Counterclaim. In its proposed Amended Counterclaim, Taylor Made seeks to remove the Withdrawn Patents identified in PXG's letter in favor of two patents[2] that it had not asserted in its prior Counterclaim. (Mot. At 2.) Although the New Patents contain different claim limitations, the substance of Taylor Made's proposed Amended Counterclaim remains largely the same, as Taylor Made continues to allege infringement by the same set of PXG drivers, fairway woods, and hybrids. (Mot. at 3.)

## II. LEGAL STANDARD

A party may amend a pleading once as a matter of course within 21 days after service, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (holding that after a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile,

---

[2] The patents are U.S. Patent Nos. 6,969,326 (the "'326 patent") and 7,281,994 (the "'994 patent") (collectively, the "New Patents").

or creates undue delay"). Moreover, where a court has entered a scheduling order under Rule 16 and set a deadline for amending the pleadings, a request to amend a pleading after the deadline is in effect a request to modify the case schedule and must be evaluated under Rule 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16, a party must show "good cause for not having amended their complaint before the time specified in the scheduling order expired." *Id.* "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

### III. ANALYSIS

Because Taylor Made's request comes after the Court's deadline for amendment, it must demonstrate that "good cause" exists to grant to the Motion. *Coleman*, 232 F.3d at 1294. Thus, the Court must consider whether Taylor Made acted diligently in seeking leave to amend. *See id.* In support of its Motion, Taylor Made argues that it acted diligently because it moved to amend within a day of PXG's letter, which brought to light purported deficiencies with the Withdrawn Patents in Taylor Made's prior Counterclaim. (Mot. at 3.) In response, PXG argues that Taylor Made focuses on the wrong date in determining whether good cause exists and that, as the holder of the patents, Taylor Made should have been aware of any facial defects at the time it initially filed its Counterclaim. (Resp. at 4.) Thus, PXG concludes that Taylor Made's diligence should be measured from November 2017, when the Counterclaim at issue was first filed.

The Court finds good cause sufficient to permit modification of the Scheduling Order and the filing of an Amended Counterclaim regardless of the date that it looks to. Taylor Made filed its Motion the day after receiving PXG's letter and, at worst, the Motion comes less than three months after Taylor Made first filed its Answer and Counterclaim. (*See* Doc. 40.) As such, the Court does not find any lack of diligence on Taylor Made's behalf. Thus, good cause exists to modify the Scheduling Order and to grant the Motion.

In addition to a showing of good faith under Rule 16, Taylor Made must also satisfy the requirements for amendment under Rule 15. Thus, the Court shall freely permit amendment unless "it would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja,* 310 F.3d at 636. PXG does not contend, nor does the Court find, that Taylor Made has acted in bad faith or that the amendment is futile. And, because the Court determines that Taylor Made acted with sufficient diligence, PXG fails to demonstrate any undue delay by Taylor Made. Thus, the Court must only assess PXG's argument that allowing Taylor Made to amend its Complaint is "entirely unfair to PXG." (Resp. at 5.)

PXG's assertion of prejudice fails to convince the Court. Although PXG points to case law in support of its argument, the cited cases involve a party seeking amendment either after summary judgment or after the close of discovery. (Resp. at 5 (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (finding amendment after summary judgment briefing unduly prejudicial) and *Safety Dynamics Inc. v. Gen. Star Indem. Co.*, No. CV-09-00695-TUC-CKJ, 2014 WL 11281291, at *7 (D. Ariz. Mar. 5, 2014) (finding amendment after the close of discovery prejudicial)).) These cases do not apply here because the case at hand is still in its infancy. Moreover, PXG's rationale is troubling in light of the amendment of its own Complaint—which also added a new patent—two weeks prior to Taylor Made's Motion. (*See* Doc. 77.) Although amendment of the Counterclaim may require the adjustment of additional deadlines in the Scheduling Order, PXG fails to demonstrate that it would suffer prejudice as a result of Taylor Made's proposed amendment.

IT IS THEREFORE ORDERED granting Taylor Made's Motion for Leave to File Amended Counterclaim (Doc. 87).

. . . .

. . . .

. . . .

IT IS FURTHER ORDERED denying as moot Taylor Made's Motion for Hearing (Doc. 110).

Dated this 11th day of May, 2018.

Honorable John J. Tuchi
United States District Judge