**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Parsons Xtreme Golf LLC, | No. CV-17-03125-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Taylor Made Golf Company Incorporated, | |
| Defendant. | |

At issue is Defendant/Counterclaimant Taylor Made Golf Company Inc.'s ("Taylor Made") Motion for Issuance of Letter Rogatory for International Judicial Assistance (Doc. 102, Mot.), to which Plaintiff/Counter-Defendant Parsons Xtreme Golf LLC ("PXG") filed a Response (Doc. 112, Resp.), and Taylor Made filed a Reply (Doc. 114, Reply). No party requested oral argument, and the Court finds the Motion appropriate for resolution on the briefs. *See* LRCiv 7.2(f). The Court will grant Taylor Made's Motion.

**I.  BACKGROUND**

Both parties are designers, manufacturers, and sellers of golf clubs used worldwide by professional and amateur golfers alike. PXG filed this lawsuit in October 2017 seeking both a temporary restraining order and preliminary injunction against Taylor Made to block the release of Taylor Made's latest set of irons, the P790. In its Second Amended Complaint, PXG alleges that the P790 Irons infringe upon 11 separate PXG patents, which PXG contends were lawfully issued by the United States Patent and

Trademark Office ("USPTO") and used in PXG's own irons, the 0311. (*See* Doc. 76, 2d Am. Compl. ¶¶ 42–151.) Taylor Made subsequently filed an answer and its own set of counterclaims, which seek declaratory judgments that each patent named in PXG's Complaint is invalid and that the P790 Irons do not infringe any PXG patent. (Doc. 86, 2d Am. Countercl. ¶¶ 29–188 ) Taylor Made also alleges, to various degrees, that PXG's Irons, Drivers, Fairway Woods, and Hybrid infringe upon several of Taylor Made's patents. (2d Am. Countercl. ¶¶ 189–248.)

Taylor Made now seeks additional discovery from a non-party manufacturer of golf clubs—the Yamaha Corporation—which is based in Japan. As discussed in its Motion, Taylor Made wishes to authenticate a club purported to be Yamaha's inpresX 425V Iron (the "425V Iron") and accompanying Yamaha Spring 2007 golf catalog. (Mot. at 4), which arguably render PXG's patents invalid. Prior to seeking relief from this Court, Taylor Made contacted representatives from Yamaha Corporation of America, who in turn forwarded Taylor Made's requests to Yamaha's representatives in Japan. (*See* Doc. 102-1, Mot. Ex. C., Email from N. Kosugi to L. Tran.) Yamaha's representatives, however, indicated that the company would comply only through an inquiry properly submitted through the United States and Japanese courts.

Accordingly, Taylor Made now moves for the Court to issue a letter rogatory to the courts of Japan. In particular, Taylor Made desires to obtain oral testimony from a representative from Yamaha in response to a list of written questions provided by Taylor Made. (Doc. 102-1, Mot. Ex. 1 at 2–4.)

**II.    LEGAL STANDARD**

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court . . . for use in a pending action." *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 812331, at *1 (N.D. Cal. Mar. 5 2013) (citing *Marroquin-Manriquez v. INS*, 699 F.2d 129 (3d Cir. 1983)); 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2063 (3d ed. 2018)

(hereinafter, "Wright & Miller"). Federal Rule of Civil Procedure 28(b)(1) permits litigants to take a deposition in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'" A court may issue such a letter "without a showing that taking the deposition in another manner is impractical or inconvenient." Fed. R. Civ. P. 28(2)(B).

A district court has inherent authority to issue a letter rogatory. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); Wright & Miller § 2063. Whether to issue such a letter is within a court's discretion; however, a court should neither "weigh the evidence sought from the discovery request nor . . . attempt to predict whether that evidence will actually be obtained." *Barnes & Noble*, 2013 WL 812331, at *2. Generally, a court should grant such a request absent a showing by the opposing party demonstrating good cause to deny the motion. *See, e.g., MicroTechnologies, LLC v. Autonomy, Inc.*, 2016 WL 1273266, at *1 (N.D. Cal. Mar. 14, 2016); *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, at *2 (E.D. Cal June 13, 2006). The decision whether to permit a deposition pursuant to Rule 28 must be guided by the scope of discovery permitted under Rule 26. *See B & L Drillings Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978).

### III. ANALYSIS

PXG offers two primary arguments in opposition to Taylor Made's Motion: (1) that that Taylor Made has not exhausted other means to obtain the desired discovery and (2) that the burden of Taylor Made's request outweighs any benefit of the proposed discovery. Each of PXG's arguments, however, lands well short of the green.

#### A. Whether Taylor Made Must Exhaust All Other Means Prior to Obtaining the Desired Discovery

PXG argues that good cause exists to deny Taylor Made's Motion because Taylor Made fails to demonstrate that it exhausted all other means for obtaining the information it now seeks. (Resp. at 8–9.) In particular, PXG cites to both *B & L Drilling Electronics v. Totco*, 87 F.R.D. 543 (W.D. Okla. 1978) and *Del Estado v. Navistar International Transportation Corp*, 1996 WL 745313 (N.D. Ill. 1996) in support of this proposition.

Yet, neither supports the arguments made by PXG, and in fact, only serve to bolster Taylor Made's Motion. Indeed, PXG is correct that the court in *B & L Drilling* conditioned its issuance of a letter rogatory on the propounding party first seeking discovery by a less burdensome means; however, PXG fails to recognize that the less burdensome means permitted by that court—a Rule 31 deposition—is the precise means of discovery sought by Taylor Made in this case. *See B & L Drilling Elecs.*, 87 F.R.D. at 545. Similarly, although the *Del Estado* Court sequenced discovery such that international discovery proceeded following domestic efforts, the Court explicitly exempted discovery through letters rogatory and depositions from that sequencing. *Del Estado*, 199 WL 745313, at *5 ("[I]nternational discovery (other than Letters Rogatory and deposition) will proceed after completion of fact written discovery in the United States.") Moreover, the imposition of an exhaustion requirement in such a case would appear to stand in opposition to the plain language of Rule 28, which permits taking a deposition by letter rogatory "without a showing that taking the deposition in another manner is impractical or inconvenient." *See* Fed. R. Civ. P. 28(2)(B). The Court thus rejects PXG's argument that Taylor Made must exhaust all other possible means of obtaining the desired information prior to seeking a letter rogatory from this Court.

### B. Whether the Burden of Taylor Made's Request Outweighs the Benefit of the Information Sought

PXG offers two remaining arguments which the Court considers in conjunction. First, PXG argues that Taylor Made's request imposes a tremendous burden on each party involved. (Resp. at 3–5.) Second, PXG contends that Taylor Made fails to demonstrate any likely benefit from the discovery sought. (Resp. at 5–7.) Thus, PXG concludes that the Court should prohibit the discovery pursuant to Rule 26. (Resp. at 8.

At the outset, the Court does acknowledge that Taylor Made's request may necessitate additional expenses for PXG, such as traveling to Japan and hiring local counsel. (*See* Resp. at 4.) The Court, however, rejects the remainder of PXG's conclusory argument on this point. In its Response, PXG largely argues that the issuance of a letter

rogatory places a heavy burden on the parties because of Yamaha's refusal to testify. PXG, however, points to no authority even suggesting that the "willingness" of the proposed deponent is a factor that a court may properly consider when determining whether to issue a letter rogatory. As PXG rightly points out, a willing party obviates the need for a letter rogatory. (Resp. at 4.) Thus, the existence of the letter rogatory mechanism necessarily anticipates the existence of an unwilling deponent. It strikes the Court as odd then to weigh the fact necessitating the use of a letter rogatory mechanism against using that very mechanism.

Even if Taylor Made's request creates some burden for PXG, the Court cannot conclude that the information sought by Taylor Made is not material and necessary to Taylor Made's defenses and counterclaims. The Court thus rejects PXG's argument that the proposed questions "will not elicit information necessary to satisfy the legal requirements for demonstrating that [the 425V Irons] are prior art." (Resp. at 6.) Taylor Made need not demonstrate that the evidence its seeks to obtain will—own its own—establish that the 2007 Yamaha catalog and 425V Irons are prior art sufficient to invalidate PXG's patents, but only that the information sought is relevant to that particular defense. The Court thus fails to see how the authenticity of the 425V Irons and the 2007 Spring catalogue and the initial release dates of each would not be relevant to Taylor Made's contention that the product renders PXG's patents invalid. *See* 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless . . . the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public *before the effective filing date* of the claimed invention . . . ." (emphasis added)).

Thus, the burden of the proposed discovery does not outweigh its likely benefit, particularly when factoring in the importance of the issues at stake and the amount in controversy in this matter. The Court will thus grant Taylor Made's Motion.

### C. Inclusion of PXG's Additional Questions

Nevertheless, the Court will grant PXG's request to include additional questions to the letter rogatory (*see* Resp. at 8 n.3), and condition the Court's issuance of the proposed letter rogatory on said addition. However, as Taylor Made rightly points out, PXG's proposed questions are currently in a form improper for transmission to the Japanese court. (*See* Doc. 112-2, Resp. Ex. B.) The Court therefore will order that the parties meet and confer to draft a revised joint proposed letter rogatory, which contains the questions submitted by each party and which attaches a Japanese translation of the letter and all its attachments.

IT IS THERFORE ORDERED granting Taylor Made's Motion for Issuance of Letter Rogatory (Doc. 102.)

IT IS FURTHER ORDERED directing the parties to submit a revised joint proposed letter rogatory, as directed above, no later than September 21, 2018, for the Court to issue to the appropriate judicial authority of Japan.

Dated this 17th day of August, 2018.

Honorable John J. Tuchi
United States District Judge